**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 09-4582**

───────────

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

CARL DADAILLE,

        Defendant - Appellant.

───────────

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. N. Carlton Tilley, Jr., Senior District Judge. (1:07-cr-00039-NCT-2)

───────────

Submitted: March 22, 2010        Decided: April 13, 2010

───────────

Before NIEMEYER, MOTZ, and KING, Circuit Judges.

───────────

Affirmed by unpublished per curiam opinion.

───────────

Eugene E. Lester, III, SHARPLESS & STAVOLA, PA, Greensboro, North Carolina, for Appellant. Anna Mills, Wagoner, United States Attorney, L. Patrick Auld, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted Carl Dadaille of one count of conspiracy to commit offenses against the United States, in violation of 18 U.S.C. § 371 (2006), by obstructing justice, by influencing the testimony of a witness in an official proceeding, and by suborning perjury. The jury also convicted Dadaille of separate substantive counts of obstructing justice in violation of 18 U.S.C. § 1503(a) (2006), and tampering with a witness in violation of 18 U.S.C. § 1512 (2006). The jury acquitted Dadaille of two objects of the conspiracy charge, uttering counterfeit securities and using counterfeit access devices.

On appeal, Dadaille contends that (1) the district court violated his Sixth Amendment right to confront witnesses when it admitted, over his objection, documentary evidence of the purchase of travelers checks through a witness who had no involvement with the transaction; (2) the district court erred in improperly admitting character evidence; and (3) the district court violated his Sixth Amendment right to trial by jury by considering evidence of acquitted conduct in sentencing him. We affirm.

## I.   Evidentiary Issues

Generally, we review decisions to admit evidence for abuse of discretion.  United States v. Forest, 429 F.3d 73, 79 (4th Cir. 2005).  Under the abuse of discretion standard, we may not substitute our judgment for that of the district court; rather, we must determine whether the district court's exercise of discretion, considering the law and facts, was arbitrary or capricious.  United States v. Mason, 52 F.3d 1286, 1289 (4th Cir. 1995).  However, where evidentiary issues relate to an asserted violation of the Sixth Amendment, the appropriate standard of review is de novo.  United States v. Robinson, 389 F.3d 582, 592 (6th Cir. 2004).  Whether reviewed only for abuse of discretion or de novo, any error in the admission or exclusion of evidence is subject to the harmless error test. See Delaware v. Van Arsdall, 475 U.S. 673, 680-84 (1983); United States v. Pendergraph, 388 F.3d 109, 112 (4th Cir. 2004).  We review for plain error issues that Dadaille failed to preserve in the district court.  See Fed. R. Crim. P. 52(b).

## A.   Confrontation Clause

Dadaille claims that the district court violated his Sixth Amendment right to confrontation when it admitted the business records of American Express through an employee at American Express who had no involvement with the transaction.

3

The Confrontation Clause of the Sixth Amendment bars "admission of testimonial statements of a witness who did not appear at trial unless he was unavailable to testify, and the defendant had had a prior opportunity for cross-examination." Crawford v. Washington, 541 U.S. 36, 53-54 (2004). For a statement to be excludable under the Confrontation Clause, it must be "testimonial," United States v. Udeozor, 515 F.3d 260, 268 (4th Cir. 2008), and offered for the truth of the matter asserted, Crawford, 541 U.S. at 59-60 n.9 (the Confrontation Clause does not bar the use of "testimonial statements for purposes other than establishing the truth of the matter asserted").

Our review of the record leads us to conclude that the purchase agreement documents, as business records, were not hearsay and were not testimonial. Crawford, 541 U.S. at 56; Melendez-Diaz v. Massachusetts, 129 S. Ct. 2527, 2539 (2009). Therefore, the district court did not err in allowing their admission through a records custodian who was not involved in the transaction that led to their creation.

B. Character Evidence

Dadaille next argues that the district court erred in improperly admitting character evidence under Fed. R. Evid. 404(b).

4

First, Dadaille argues that the Government's cross-examination of him elicited improper character evidence. However, this complaint overlooks the fact that "by taking the stand, his credibility became subject to attack on cross-examination. Matters affecting the credibility of the witness are always open to cross examination." United States v. Zandi, 769 F.2d 229, 236 (4th Cir. 1985) (internal quotation marks omitted).

We conclude that the Government's cross-examination of Dadaille was related to matters affecting his credibility, and its scope was properly within the subject matter that Dadaille himself raised on direct examination. See Fed. R. Evid. 611(b) ("Cross-examination should be limited to the subject matter of the direct examination and matters affecting the credibility of the witness."). Thus, the district court did not abuse its discretion in overruling the objections that Dadaille made to the Government's questions. For the questions to which Dadaille made no objection, we find no plain error.

Further, Dadaille has not shown that the travelers checks purchase agreement constituted character evidence, or that relevant evidence provided by a civil court document was unfairly prejudicial. Thus, we conclude the district court did not abuse its discretion in admitting the contested evidence.

5

## II. Sentence

We review a sentence for reasonableness, using an abuse of discretion standard of review. Gall v. United States, 552 U.S. 38, 51 (2007). The first step in this review requires the court to ensure that the district court committed no significant procedural error. United States v. Evans, 526 F.3d 155, 161 (4th Cir.), cert. denied, 129 S. Ct. 476 (2008). Procedural errors include "(improperly calculating) the Guidelines range." Gall, 552 U.S. at 51. The Court then considers the substantive reasonableness of the sentence, taking into account the totality of the circumstances. Id. A sentence within the properly calculated Guideline range is presumptively reasonable. United States v. Allen, 491 F.3d 178, 193 (4th Cir. 2007).

Our review of the record convinces us that the district court did not violate Dadaille's Sixth Amendment right to trial by jury in sentencing him. The district court did not sentence Dadaille based on its consideration of acquitted conduct. It properly calculated Dadaille's offense level under U.S. Sentencing Guidelines Manual ("USSG") § 2X3.1 (2008) using a cross-reference from USSG §§ 2J1.2(c)(1), 2J1.3(c)(1), the Guideline for the obstruction and perjury offenses for which Dadaille was convicted. Under USSG § 2X3.1, the district court incorporated the underlying offense level for the counterfeit

offenses because Dadaille was convicted of obstructing the investigation into those offenses.

Further, a sentencing court may consider acquitted conduct in sentencing, even after of the decision in United States v. Booker, 543 U.S. 220 (2005), as long as the conduct is established by a preponderance of the evidence. United States v. Perry, 560 F.3d 246, 258-59 (4th Cir.), cert. denied, 130 S. Ct. 177 (2009). Here, the Government established Dadaille's involvement in the counterfeit travelers check and counterfeit credit card scheme by a preponderance of the evidence. We therefore conclude that the district court did not err in sentencing Dadaille.

Therefore, we affirm Dadaille's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED